```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**LONNIE GOODRICH,**

                **Petitioner,**

      **v.**                                  CASE NO.  11-3206-RDR

**SHELTON RICHARDSON,**
**Warden,**

                **Respondent.**

## O R D E R

    This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas.  Having examined the materials filed, the court finds as follows.

**FILING FEE**

    The statutory filing fee for this action is $5.00.  Petitioner has filed a Motion to Proceed in forma pauperis (IFP)(Doc. 2). Under 28 U.S.C. § 1915 a prisoner seeking to bring an action IFP is required to submit an affidavit, which Mr. Goodrich has done. However, it also requires the prisoner to submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Normally, this action would not proceed until Mr. Goodrich obtained and submitted the financial information required by federal law.  However, because the court finds that this action must be dismissed, it instead provisionally grants petitioner leave to proceed IFP for the sole purpose of dismissing this action.

**SCREENING**

Mr. Goodrich is confined at the LDC due to a federal charge currently pending against him in the United States District Court for the Western District of Missouri. In his Petition, he alleges the following.[1] He was "charged by secret indictment" with a single count of conspiracy to distribute controlled substance. There has been no judgment or sentencing on the federal charge. He claims that he was denied constitutional rights "at the moot trial," such as the right to subpoena witnesses and documents on his behalf. He also suggests that a proper complaint has not been filed against him and that the Missouri court lacks jurisdiction to charge him with violating federal statutes.[2] He seeks a writ of habeas corpus directed to Warden Richardson "to inquire into the restraint" of his person. He also seeks his immediate release, "complete discharge from custody," expungement of "this entire matter," and "complete restitution."[3]

The court takes judicial notice of U.S. v. Goodrich, Case No. 4:09-cr-00353-ODS-10, which indicates the following. Mr. Goodrich

---

[1] Petitioner has submitted voluminous exhibits attached to his Petition and to a "letter in support" docketed as a Supplement (Doc. 3). These exhibits consist mainly of documents from his criminal case, many of which refute rather than support his claims.

[2] Mr. Goodrich's challenge to the Missouri federal court's jurisdiction appears to be based upon an utterly frivolous contention that he is "a dejure sovereign State Citizen of one of the several states of the republic (Missouri)" and not a United States citizen, with references to the expatriation statue (sic), immunities of foreign states, the Uniform Commercial Code, and the Bible. Petition (Doc. 1) at 6, 12.
Any claim of cruel and unusual conditions during Mr.Goodrich's pretrial confinement must be litigated by filing a civil complaint in the appropriate state or federal court against the person or persons that caused the alleged conditions.

[3] To the extent Mr. Goodrich may be seeking money damages, this is again the wrong jurisdiction. In any event, such a claim is premature. Money damages claims based upon illegal confinement are barred unless and until the prisoner has managed to overturn his conviction. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Furthermore, judges and prosecutors are absolutely immune to suit for money damages for acts taken within their official capacities.

is the "10th named defendant" in a 12-defendant case, in which all defendants were charged with a Class A conspiracy to distribute cocaine base.  All other co-defendants have entered guilty pleas.  Mr. Goodrich was initially released on bond pending trial, but then "his whereabouts were unknown from early January until he was arrested on or about March 1, 2011."  Supplement (Doc. 3) at 14.  Petitioner complains of delays in his pending criminal case, but acknowledges they have related to "various competency evaluations."[4]  The record shows that the court ordered Mr. Goodrich to undergo a psychological exam to determine if he was mentally incompetent to understand the proceedings and assist in his defense on May 18, 2011 (Doc. 295), and again on August 31, 2011 (Doc. 351).  Two competency hearings have been conducted (Doc. 346, 375), and Mr. Goodrich was recently found by the magistrate to be competent to proceed.  The matter is currently awaiting ruling upon the Magistrate's Report and Recommendations.  It thus plainly appears from the record that Mr. Goodrich has been charged with a federal offense in the Western District of Missouri, that criminal proceedings are progressing, and that he is being detained at the LDC awaiting trial on that charge

---

[4] Petitioner's claim of denial of speedy trial must be raised in the trial court and on direct appeal.  The court notes that the record in his criminal case indicates several continuances have been granted upon motions by his three different counsel, a couple for preparation time after he insisted upon changing counsel.  His case was also continued when he was unavailable to assist counsel in preparing for trial.  Mr. Goodrich's third attorney filed the latest motion to continue trial until the docket commencing March 19, 2012, in which she stated that Goodrich consented to the continuance and waived his right under the Speedy Trial Act (Doc. 362).  That motion was heard and defendant was found to have no objections (Doc. 366).  The requested continuance was granted on October 19, 2011 (Doc. 369).

Defendant's second counsel filed a motion in which he ominously stated, "the defendant has failed to grasp the strength of the government's evidence in this case or the severe consequences - including a significant possibility of spending the rest of his life in prison - that a loss at trial could entail."  He had earlier noted that some co-defendants have agreed to testify against Mr. Goodrich (Doc. 321 at 2).  Mr. Goodrich would be well-advised to carefully consider these statements by professional legal counsel.

in Missouri, which is on the March 2010 docket.

To the extent that Mr. Goodrich is attempting to challenge any findings of the Western District of Missouri court during criminal proceedings, he must first present any such claims to the trial court and thereafter on direct appeal to the Eighth Circuit Court of Appeals. If he fails to properly raise all his claims in the trial court, he risks forfeiting any right to have those claims heard on direct appeal. Petitioner's post-appeal remedy is by motion pursuant to 28 U.S.C. § 2255, which may only be filed in the sentencing court. This court has no jurisdiction to review criminal proceedings conducted by a federal court in another judicial district. The fact that Mr. Goodrich is confined within this judicial district does not give this court jurisdiction over his challenges.

For the foregoing reasons, the court finds that this action is frivolous and states no ground for relief in this district. The court further finds that no purpose would be served by allowing petitioner the opportunity to amend or otherwise respond.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is provisionally granted for the sole purpose of dismissing this action.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied, without prejudice, for lack of jurisdiction and as frivolous.

**IT IS FURTHER ORDERED** that the court certifies that any appeal from this Order is not taken in good faith.

**IT IS SO ORDERED.**

DATED:  This 9th day of December, 2011, at Topeka, Kansas.

                                        <u>s/RICHARD D. ROGERS</u>
                                        United States District Judge